# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| George Campbell, Jr.,      ) | |
|        ) | |
|     Petitioner,    ) | |
|        ) | |
| v.        ) | Cv. No. 03-02926-SMH |
|        ) | |
| Kevin Myers,     ) | |
|        ) | |
|     Respondent.    ) | |

## ORDER

Before the Court are two motions, both filed by Petitioner George Campbell, Jr. on June 26, 2017: (1) Motion for Coram Vobis Under Rule 60(b) ("Rule 60(b) Motion") (ECF No 24), and (2) Motion for Appointment of Counsel (ECF No. 25). Petitioner seeks to reopen his convictions in State v. Campbell, No. 02-C-01-9408-CR00165, 1996 WL 368224, at *1 (Tenn. Crim. App. June 28, 1996), perm. app. denied (Tenn. Jan. 6, 1997).

For the following reasons, the Rule 60(b) Motion is DENIED, and the Motion for Appointment of Counsel is DENIED AS MOOT.

## I. Background

Following a jury trial in the Shelby County Criminal Court, Petitioner was convicted of felony murder and aggravated assault in 1994. Campbell, 1996 WL 368224, at *1. He was sentenced to life in prison with the possibility of parole on the murder

conviction and to a consecutive term of ten years in prison on the assault conviction. Id. The Tennessee Court of Criminal Appeals affirmed both convictions. Id. at *6.

On December 8, 2003, Petitioner filed a federal habeas petition under 28 U.S.C. § 2254 challenging his convictions. (ECF No. 2 at 315-34.)[1] The petition argued that the evidence against Petitioner was insufficient to support his convictions, that the trial court lacked subject matter jurisdiction, and that he was actually innocent. (Id.) This court dismissed the petition, finding that Petitioner's claims lacked merit. (ECF No. 10; see also ECF No. 11.) Petitioner's requests for a certificate of appealability were denied. (Id.)

On May 16, 2014, Petitioner moved for authorization to file a second or successive § 2254 petition. (In Re Campbell, No. 14-5594 (W.D. Tenn. May 16, 2014), ECF No. 1-1.) Petitioner argued that his conviction was based on perjured testimony and that the prosecution withheld 137 pages of evidence in his case and made false statements about the existence of exculpatory evidence. (Id. at 9.) The Sixth Circuit denied Petitioner's motion because "[t]he claims he seeks to raise are not based on a new rule of constitutional law, and [Petitioner] has not made

_____

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

a prima facie showing that the new evidence clearly establishes his innocence." (ECF No. 23 at 43.)

On June 26, 2017, Petitioner filed this Rule 60(b) Motion and Motion for Appointment of Counsel. (ECF Nos. 24-25.) The Rule 60(b) Motion asks that Petitioner's case be reopened because "[n]ewly discovered evidence/fact(s) show[] a high probability that petitioner is actually innocent." (ECF No. 24 at 46.) The Motion for Appointment of Counsel asks the Court to appoint counsel on Petitioner's behalf to represent him "throughout this [Rule] 60(b) Motion." (ECF No. 25 at 180.)

## II. Analysis

Petitioner's Rule 60(b) Motion asks the Court to "reopen the habeas corpus judgment and give [Petitioner] one fair shot at habeus review." (ECF No. 24 at 54.) The Court construes the Rule 60(b) motion as a motion to reopen his § 2254 motion.

Rule 60(b)[2] allows a party to seek relief from a final judgment or order for, among other reasons, newly discovered evidence and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60(b) motion does not attack "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). In a habeas case, when "[a] Rule 60(b) motion . . . attempts 'to

_____

[2] References to "Rule __" are to the Federal Rules of Civil Procedure.

3

add a new ground for relief '[it] is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § [2254] motion.'"[3]  In re Nailor, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing Gonzalez, 545 U.S. at 532).  A successive motion to vacate that is labeled a Rule 60(b) motion requires authorization from the Court of Appeals before filing under § 2244(b).  In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner argues that he is entitled to relief on the basis of "[n]ewly discovered evidence/fact(s) showing a high probability that petitioner is actually innocent."  (ECF No. 24 at 46.)  Petitioner claims that, because the government has "knowingly withheld/hid Brady material . . . before, during and after this trial," Petitioner was "wrongfully convicted."  (Id. at 46.)

Although styled a Rule 60(b) motion, Petitioner does not challenge the integrity of the habeus proceedings.  Rather, Petitioner attempts to add a new ground for habeus relief -- that the government withheld evidence during Petitioner's trial. (Id.)  The Motion thus "attacks the federal court's previous resolution of [Petitioner's] claim *on the merits*."  Gonzalez, 545 U.S. at 532.  The Court must treat it as a motion under § 2254.  In re Nailor, 487 F.3d at 1023.  Whether the evidence

---

[3] Although the Sixth Circuit in In re Nailor, 487 F.3d 1018, 1022-23 (6th Cir. 2007) dealt with motions pursuant to 28 U.S.C. § 2255, the holding in Gonzalez applies to petitions under § 2254.

establishes Petitioner's innocence is a matter that Petitioner must raise in a § 2254 motion.  28 U.S.C. § 2244(b)(2)(b).

Petitioner also cites Buck v. Davis, 137 S. Ct. 759 (2017) to support the claim that he is entitled to relief "based on a change in procedural law."  (Id. at 54.)  Petitioner does not explain how Buck affects his argument.  In Buck, the United States Supreme Court held that Buck was entitled to Rule 60(b) relief because of the extraordinary circumstance that his capital sentence was tainted by racism.  Buck, 137 S. Ct. at 777-80.  Petitioner does not allege that his sentence was tainted by racism.  Buck does not entitle him to relief.

The Court would ordinarily transfer Petitioner's motion to the Sixth Circuit for review of his motion.  That is not necessary.  On December 30, 2014, the Sixth Circuit denied Petitioner's motion for authorization to file a second or successive § 2254 petition.  (ECF 23 at 42-45.)  Petitioner's motion sought relief based on the same newly discovered evidence Petitioner claims in this Rule 60(b) Motion.  (Id. at 43 ("[Petitioner] contends that the prosecutor withheld 137 pages of evidence in his case and made false statements regarding the existence of exculpatory evidence.").)  Petitioner's Rule 60(b) Motion is DENIED.

Petitioner's Motion for Appointment of Counsel asks the Court to appoint counsel to represent Petitioner on the Rule

60(b) Motion. Because the Petitioner's Rule 60(b) Motion is denied, the Motion for Appointment of Counsel is DENIED AS MOOT.

**III. Conclusion**

For the foregoing reasons, the Rule 60(b) Motion is DENIED, and the Motion for Appointment of Counsel is DENIED AS MOOT.

So ordered this 16th day of October, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE